UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
GIDON ABRAMOV,                      :
                                    :
        Petitioner,                 :    Civ. No. 14-6448 (NLH)
                                    :
    v.                              :    OPINION
                                    :
WARDEN J.T. SHARTLE,                :
                                    :
        Respondent.                 :
_____:

APPEARANCES:
Gidon Abramov, # 63359053
FCI Fairton
P.O. BOX 420
Fairton, NJ 08320
     Plaintiff Pro se


HILLMAN, District Judge

        On or about October 17, 2014, Petitioner Gidon Abramov, a
prisoner confined at the Federal Correctional Institution in
Fairton, New Jersey, filed this writ of habeas corpus under 28
U.S.C. § 2241, challenging an institutional disciplinary
decision. (ECF No. 1).  On March 18, 2015, this Court
administratively terminated the action for failure to pay the
filing fee or submit a complete in forma pauperis application
pursuant to Local Civil Rule 81.2(b). (ECF No. 3).  On or about
April 9, 2015, Petitioner paid the $5.00 filing fee and the case
was reopened.  The Court has reviewed the Petition and, for the

reasons that follow, it will be dismissed for lack of jurisdiction.

## I.   BACKGROUND

Petitioner's complaints arise from a search of Petitioner's cell on April 4, 2014 which revealed contraband.  During the search, authorities at FCI Fairton located 83 individually wrapped packages of stamps in a shared locker. (Exhibit 5, Incident Report, ECF No. 1-3).  A disciplinary hearing was held on April 8, 2014.  Based on the Incident Report and on Petitioner's admission of possession of the stamps, Petitioner was found to have committed the prohibited act. Id.   The Unit Disciplinary Committee ("UDC") sanctioned Petitioner in the form of "90 days loss of commissary, 90 days loss of trulincs[1], and loss of [his] preferred cell assignment, to deter future misconduct." (Exhibit 6, Disposition of Appeal, ECF No. 1-3).

Petitioner states that another inmate, Angelo T. Carter, admitted ownership of the confiscated stamps during the hearing. Petitioner asserts that the UDC arbitrarily disregarded inmate Carter's admission.  Petitioner attaches an affidavit from

---

[1] The Trust Fund Limited Inmate Computer System (TRULINCS) application enables electronic messages to be exchanged between inmates and the general public in a secured manner. Federal Bureau of Prisons, http://www.bop.gov/inmates/communications.jsp.

inmate Carter in which he admits ownership. (Exhibit 4, Affidavit, ECF No. 1-3).

Petitioner further denies making any statements of ownership regarding the stamps or any admission of guilt.  He alleges that the UDC fraudulently inserted these statements into the record.  Accordingly, Petitioner asserts that his due process rights were violated and he asks the Court to vacate and dismiss the UDC's April 8, 2014 decision and sanctions.

Petitioner appealed the disciplinary decision and submits documentation in support of his assertion that he has exhausted his administrative remedies (Exhibit, ECF 1-3).

## II.   STANDARD OF REVIEW

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas

corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n. 3 (3d Cir. 2013); See also 28 U.S.C. §§ 2243, 2255.

III. DISCUSSION

Habeas corpus is an appropriate mechanism for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).

A habeas corpus petition is also the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004) and Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). See also Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005).

Here, Petitioner files this habeas petition pursuant to 28 U.S.C. § 2241 challenging the UDC's April 8, 2014 disciplinary proceedings.  As set forth above, the sanctions imposed as a result of those proceedings were 90 days loss of commissary, 90 days loss of trulincs, and loss of preferred cell assignment.

Because these privileges do not affect the length of Petitioner's confinement, or affect the execution of his criminal sentence, his claims are not cognizable under § 2241. See Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002); Preiser, 411 U.S. 475; see also Castillo v. FBOP FCI Fort Dix, 221 F. App'x 172, 175 (3d Cir. 2007) (claims based on loss of privileges did not lie "at the core of habeas"); Levi v. Holt, 193 F. App'x 172, 175 (3d Cir. 2006) (finding that sanctions in the form of loss of privileges cannot be challenged under § 2241 because those punishments do not affect the fact or length of prisoner's confinement or sentence).  Typically, these types of claims are appropriately brought in the context of a civil rights action. See e.g., Leamer v. Fauver, 288 F.3d 532; Castillo, 221 F. App'x at 175.

Thus, Petitioner's claims are not cognizable under § 2241 and this Court lacks jurisdiction to consider the Petition.

IV.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed for lack of jurisdiction.  An appropriate Order will be entered.

___s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge

Dated: May 22, 2015
Camden, New Jersey